## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DUSHARME LLANUSA,          )
                                      )
        Plaintiff,          )
                                      )
v.                           )     Case No. CIV-22-00415-JD
                                      )
WESTLAKE HARDWARE ACE   )
HARDWARE,             )
                                      )
        Defendant.     )

## ORDER

Before the Court is Defendant Westlake Hardware Ace Hardware's ("Westlake")[1]

Partial Motion to Dismiss ("Motion") [Doc. No. 20]. Westlake seeks dismissal of Counts

1, 3, and 4 of Plaintiff Dusharme Llanusa's ("Llanusa") Amended Complaint ("Am.

Compl.") [Doc. No. 16] under Federal Rule of Civil Procedure 12(b)(6) for failure to

state a claim.[2] Llanusa responded in opposition ("Response") [Doc. No. 22], and

Westlake replied [Doc. No. 23]. For the reasons stated below, the Court GRANTS the

Motion.

## I.    BACKGROUND

Llanusa, who is African American, visited a Westlake Hardware store to buy a

waterline hose for her refrigerator. Am. Compl. ¶¶ 1, V, VIII. She talked to the store

---

[1] Westlake asserts that it has been misnamed and that the correct name is Westlake Hardware. Motion at 1.

[2] The Amended Complaint refers to these as numbered causes of action, but this Order will refer to them as Counts. Westlake answered Count 2. *See* Partial Answer [Doc. No. 19].

manager who helped her find one. *Id.* ¶ VI. When she got in line for the cashier, a store employee asked her to step out of line and confronted her about shoplifting. *Id.* ¶¶ VIII, X, XIV, XV. Llanusa opened her large handbag and showed the store employee that it contained no unpurchased merchandise. *Id.* ¶ XV. The store employee told her to leave the store in front of the other shoppers and store employees. *Id.* ¶¶ XII, XV. Llanusa called the police, and they interviewed several store employees. *Id.* ¶ XIII.

Llanusa maintains Westlake, via its employees, discriminated against her based on her race, as white women with large handbags were not questioned or told to leave the store. *Id.* ¶¶ XIV, XV. She filed a discrimination complaint with the Oklahoma Attorney General's Office of Civil Rights Enforcement. *Id.* ¶¶ III, XVII; *see also* Notice of Determination [Doc. No. 16-1]. Llanusa then filed this suit, asserting four counts.

## II.   LEGAL STANDARD

"Rule 12(b)(6) dismissal 'is appropriate if the complaint alone is legally insufficient to state a claim.'" *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1169 (10th Cir. 2023) (quoting *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017)). In considering a motion to dismiss under Rule 12(b)(6), the inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, the Court accepts as true the plaintiff's well-pleaded factual allegations in the complaint and "view[s] them in the light most favorable to the plaintiff." *Id.* However,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.   <u>ANALYSIS</u>

Westlake seeks dismissal of three of the four counts in Llanusa's amended complaint for failure to state a claim: Count 1 under 25 Okla. Stat. § 1402 of the Oklahoma Anti-Discrimination Act ("OADA"), 25 Okla. Stat. § 1101, *et seq.*; Count 3 under the Oklahoma Consumer Protection Act ("OCPA"), 15 Okla. Stat. § 751, *et seq.*; and Count 4 under 21 Okla. Stat. § 850, which is a criminal statute.

In response, Llanusa argues that various statutes show that "racial discrimination violates Oklahoma [p]ublic [p]olicy" and that this Court should either find that "an implied common law cause of action exists or create one to prevent and provide a remedy for racial discrimination in [p]ublic [a]ccommodations." Response at 12. Alternatively, Llanusa asks the Court to certify questions relating to this issue to the Oklahoma Supreme Court.[3]

### A.   **The Court dismisses Count 1 of Llanusa's amended complaint.**

Llanusa argues that Westlake violated the OADA by not allowing her to purchase goods from its store because of her race. Llanusa states that, to the extent a private cause of action under section 1402 does not exist, section 1402 provides support for a "common law cause of action under Oklahoma [l]aw which prohibits such racially discriminatory

---

[3] In the briefing on the Motion, Llanusa states she "inadvertently left a reference" to the Fourteenth Amendment and that she does not intend to rely on or refer to the Fourteenth Amendment for her claims. *See* Response at 13–14.

conduct." Am. Compl. ¶ XXIII. Although not entirely clear, Llanusa also appears to allege a *Burk* tort.

Llanusa's claim fails for several reasons. First, the OADA "does not provide a private right of action for racially discriminatory practices." *Fuller v. Rent-A-Ctr., Inc.*, No. CIV-20-00777-JD, 2020 WL 12772102, at *3 (W.D. Okla. Dec. 28, 2020) (citing *Johnson v. T.D. Williamson, Inc.*, No. 08-CV-634-GKF-FHM, 2009 WL 1767192, at *3 (N.D. Okla. June 23, 2009) and *Tate v. Browning-Ferris, Inc.*, 833 P.2d 1218, 1229 (Okla. 1992)). Second, she does not provide any relevant case law in support of her position that, assuming she was discriminated against in a place of public accommodation, section 1402 somehow provides or supports the argument that she has a common law cause of action. Lastly, *Burk* torts apply in the employment context, not the public accommodation context—as is the situation here. *See Vasek v. Bd. of Cnty. Comm'rs of Noble Cnty.*, 186 P.3d 928, 932 (Okla. 2008). Accordingly, Count 1 of Llanusa's amended complaint fails to state a claim. Because there is no private right of action under the statute and the claim being asserted is not viable under extant Oklahoma law, the Court will dismiss this claim with prejudice.

**B.     The Court dismisses Count 3 of Llanusa's amended complaint.**

Llanusa alleges that Westlake violated the OCPA by engaging in unlawful trade practices in violation of 15 Okla. Stat. § 753.

"The OCPA provides a private right of action where a consumer can show that the defendant engaged in one of the unlawful practices enumerated in the [OCPA]." *Fuller*, 2020 WL 12772102, at *3. *See also* Okla. Stat. tit. 15, § 753 (eff. Oct. 31, 2023);

*Patterson v. Beall*, 19 P.3d 839, 846 (Okla. 2000). Llanusa does not identify which specific section of the OCPA Westlake allegedly violated. Nor does she provide factual allegations that would allow the Court to reasonably infer Westlake engaged in misconduct specified under the OCPA. Llanusa has therefore failed to plead a plausible claim under the OCPA or otherwise state a plausible claim for consumer rights violations.

## C.    The Court dismisses Count 4 of Llanusa's amended complaint.

Llanusa argues Westlake's conduct violated 21 Okla. Stat. § 850. This criminal statute states that "[n]o person shall maliciously and with the specific intent to intimidate or harass another person because of that person's race . . . ." Further, it specifies that "[a]ny person convicted of violating" the statute "shall be civilly liable for any damages resulting from any violation of this section." However, Llanusa alleges no facts that a "person" was convicted of any crime arising out of or related to this incident. Thus, she has failed to allege a plausible claim for relief under section 850.[4]

---

[4] To the extent Llanusa is attempting to state a claim for Count 4 or any other count by referencing a violation of 76 Okla. Stat. §§ 1, 6 in her amended complaint—*see* Am. Compl. ¶ XXXII (referencing as part of Count 4 a violation of 76 Okla. Stat. §§ 1, 6) and Response at 12–13, 15—such a conclusory reference does not save this claim for failure to state a claim. Alternatively, even construing Llanusa's amended complaint in the light most favorable to her, her claim still fails. Although the reference to this statute is conclusory in the amended complaint, the Court assumes she is attempting to state a claim for "personal insult" since she argues she was "humiliated" and "publicly shamed" in front of other customers. *See* Response at 4. But 76 Okla. Stat. § 6 states that its provisions are "subject to the qualifications and restrictions provided by law." Here, the law makes clear that if it "allowed liability based upon mere insults or indignities, there would be great danger of frivolous claims." *Aldridge v. Indian Elec. Coop.*, No. 07-CV-633-HDC-PJC, 2008 WL 1777480, at *7 (N.D. Okla. Apr. 17, 2008) ("[T]here can be no recovery for insults, indignities or threats which are considered to amount to nothing more than mere annoyances." (quoting *Breeden v. League Servs. Corp.*, 575 P.2d 1374, 1376 (Okla. 1978))).

### D.     The Court declines to certify questions to the Oklahoma Supreme Court.

Llanusa asks this Court to certify certain questions to the Oklahoma Supreme Court, such as: (1) whether racial discrimination in public accommodations violates Oklahoma public policy; (2) whether the OADA provides an implied statutory remedy and private cause of action for racial discrimination in public accommodations; (3) whether Oklahoma common law provides a cause of action remedy for racial discrimination in public accommodations; and (4) whether an Oklahoma common law remedy and cause of action for racial discrimination in public accommodations exists.

"Certification is appropriate if 'the question before us (1) may be determinative of the case at hand and (2) is sufficiently novel that we feel uncomfortable attempting to decide it without further guidance.'" *Nat'l Union Fire Ins. Co. of Pittsburgh v. Dish Network, LLC*, 17 F.4th 22, 35 (10th Cir. 2021) (quoting *Morgan v. Baker Hughes Inc.*, 947 F.3d 1251, 1258 (10th Cir. 2020)). The questions Llanusa seeks to certify are not novel or uncertain for the reasons discussed above.[5] The Court denies the request.

## IV.    <u>CONCLUSION</u>

For these reasons, the Court concludes that Llanusa has failed to state a claim on which relief can be granted in Counts 1, 3, and 4 of her amended complaint. The Court

---

[5] Additionally, Llanusa improperly includes this request—which is seeking affirmative relief—in the Response, which is improper under the Federal Rules of Civil Procedure and Local Civil Rules. *See* Fed. R. Civ. P. 7(b)(1) (a request for court relief must be made by motion); LCvR7.1(c) (explaining a response to a motion may not include a motion by the responding party). This is another reason the Court denies the request.

GRANTS Westlake's Partial Motion to Dismiss [Doc. No. 20] and DISMISSES Count 1

with prejudice and Counts 3 and 4 without prejudice.

IT IS SO ORDERED this 31st day of October 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE